UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA SMITH,

               Plaintiff,

      -v-

RICHARD ARROWOOD, CHARLES
CARROLL, CHARLES SALINA,
CHRISTIAN DEVINNEY, MATTHEW
YOUNG, JASON HENDEL, ADAM
HARDEN, SCOTT BARYZA, JAMES
BONA, CARL SMITH, and TIMOTHY
CARNEY, Individually and in their
capacity as federal law enforcement
officers,

               Defendants.
_____

**DECISION AND ORDER**

6:21-CV-6318 EAW

## **INTRODUCTION**

Plaintiff Dana Smith ("Plaintiff"), filed this action seeking relief under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for violations of his Fourth Amendment and Fourteenth Amendment rights and other state law claims against defendants Richard Arrowood,

Charles Carroll[1], Charles Salina, Christopher DeVinney[2], Matthew Young, Jason Hendel, Adam Harden, Scott Baryza, James Bona, Carl Smith, and Timothy Carney (collectively "Defendants").  (Dkt. 1).  Before the Court is: a motion for substitution and to dismiss by defendants Charles Carroll, Charles Salina, Christopher DeVinney, Scott Baryza, James Bona, Charles Smith, and Timothy Carney (collectively the "Federal Defendants") (Dkt. 15), a motion to dismiss by defendants Matthew Young and Jason Hendel (collectively the "County Defendants") (Dkt. 17), and a motion to dismiss by defendants Richard Arrowood and Adam Harden (collectively the "City Defendants") (Dkt. 20).  In response, Plaintiff opposes all three motions and seeks leave to amend his complaint and permission to file late administrative claims.  (Dkt. 23).

For the reasons discussed below, the Federal Defendants' motion to substitute is granted and motion to dismiss is granted in part and denied in part, the County Defendants' motion to dismiss is granted, the City Defendants' motion to dismiss is granted in part and denied in part, and Plaintiff is granted leave to amend his complaint consistent with this Decision and Order within 20 days of entry of this Order, but his request for leave to file late administrative claims is denied.

---

[1]    Throughout his proposed amended complaint, Plaintiff spells Defendant Carroll as "Carrol" but the Court will use the spelling identified in the caption which is consistent with the spelling used by Defendants.

[2]    In their motion, Federal Defendants advise that Defendant Devinny's name is incorrectly spelled and should be spelled "DeVinney."  Plaintiff did not make this correction in his proposed amended complaint, but is directed to do so prior to filing his amended complaint as permitted in this Decision and Order.  Moreover, the Clerk of Court is directed to correct the spelling of this defendant's last name, and this Decision and Order will use the correct spelling.

**DISCUSSION**

## I.   **Factual Background**

The following facts are taken from Plaintiff's complaint (Dkt. 1) and proposed amended complaint[3] (Dkt. 23-2).[4]  As required on a motion to dismiss, the Court treats Plaintiff's factual allegations as true and must draw all inferences in Plaintiff's favor.

On June 19, 2020, at approximately 8:00 p.m., Defendants arrived at a private residence at 1755 Falls Street, in the City of Niagara Falls, New York.  (Dkt. 1 at ¶ 7; Dkt. 23-2 at ¶ 7).  Plaintiff alleges that Defendants were law enforcement officers acting under color of legal authority of the United States Marshal's New York/New Jersey Regional

---

[3]    Local Civil Rule 15 provides that a movant seeking to amend a pleading must attach a proposed amended pleading that identifies amendments in "the proposed pleading through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format."  *See* L.R. Civ. P. 15(b).  Here, Plaintiff did not provide a "redline" copy of his proposed amended pleading with his motion to amend, as required.  This failure alone could subject the motion to amend to dismissal.  *Doe v. E. Irondequoit*, 2018 WL 2100605, at *5-6 (denying motion to amend in part for failure to provide a "redline" version of the proposed pleading: "It is crystal clear, however, that Local Rule 15(b) applies to Plaintiffs' motion to file a Second Amended Complaint, and because Plaintiffs did not comply with that rule, the motion may be denied for that reason alone.").  Although the Court has considered the proposed amended pleading for purposes of this Decision and Order, counsel is cautioned that future Local Rule violations may not be so leniently treated.

[4]    In his memorandum of law, Plaintiff sets forth additional factual allegations relating to the allegations in his complaint and proposed amended complaint and attaches several documents in support of those allegations.  However, any factual allegations contained in a memorandum of law or exhibits attached thereto but not expressly pled or incorporated into the complaint cannot and will not be considered by the Court on the instant motion.  *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 107 (2d Cir. 2021) ("A district court therefore errs when it when it consider[s] affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." (quotation and citation omitted), *cert. denied*, 142 S. Ct. 2679 (2022)).

Fugitive Warrant Task Force operating out of Rochester, New York.  (Dkt. 1 at ¶ 5; Dkt. 23-2 at ¶ 5).

Defendant Arrowood approached the residence and shouted to Plaintiff that he wanted to speak to him.  (Dkt. 23-2 at ¶ 11).  None of the officers were wearing uniforms or advised Plaintiff that they were police officers.  (*Id.* at ¶ 11).  Plaintiff retreated into the residence and attempted to close the door, but Defendant Arrowood and Defendant Carroll forced their way into the residence and tried to physically subdue Plaintiff.  (*Id.* at ¶ 12). Defendant DeVinney endeavored to breach the front door along with Defendant Arrowood and Defendant Carroll and was in a position to stop them, but did not attempt to do so.  (*Id.* at ¶ 13).  Once inside, Defendant Arrowood shot Plaintiff more than once with a .45 caliber handgun at point-blank range.  (Dkt. 1 at ¶ 8; Dkt. 23-2 at ¶ 8).  The gunshots caused Plaintiff serious injuries including two bullet-entry wounds, significant blood loss, injury to his diaphragm and spleen, multiple broken bones, a collapsed lung, and nerve damage. (Dkt. 1 at ¶ 8; Dkt. 23-2 at ¶ 8).  Defendant Carroll and Defendant Arrowood, with the assistance of other unnamed members of the task force team who entered through the back door of the residence, dragged Plaintiff out of his residence and into the yard.  (Dkt. 23-2 at ¶ 8).  Other unnamed members of the task force team provided perimeter security and possibly added force and intimidation for Defendant Arrowood and Defendant Carroll, and some assisted with Plaintiff's arrest and confinement.  (*Id.* at ¶ 10).  Defendant Salina was the supervisor of the task force and directed the team members to surround the house.  (*Id.* at ¶ 9).

At the time Defendants took Plaintiff into custody, they did not possess or obtain a lawful warrant to enter the residence or to seize and arrest Plaintiff.  (Dkt. 1 at ¶ 10; Dkt. 23-2 at ¶ 14).  Nor did Defendant Arrowood or Defendant Carroll seek permission from any resident of the home for permission to enter.  (Dkt. 23-2 at ¶ 15).

Plaintiff asserts a first cause of action against Defendants for violation of his Fourth and Fourteenth Amendment rights, a second cause of action for assault against Defendant Arrowood and Defendant Carroll, a third cause of action for battery against Defendant Arrowood and Defendant Carroll, a fourth cause of action against all Defendants for false and unlawful arrest, and a fifth cause of action against all Defendants for negligence.

## II.   Procedural Background

Plaintiff commenced the instant action on April 14, 2021.  (Dkt. 1).  On November 8, 2021, the Federal Defendants filed a motion to substitute the United States as a party and to dismiss (Dkt. 15), and the County Defendants filed a motion to dismiss (Dkt. 17). On November 22, 2021, the City Defendants filed a motion to dismiss.  (Dkt. 20).  On December 31, 2021, Plaintiff filed his opposition to the dismissal motions and sought leave to amend his complaint and file late administrative claims.  (Dkt. 23).[5]  On January 31, Defendants filed their replies.  (Dkt. 25; Dkt. 26; Dkt. 27).  On March 1, 2022, and March 22, 2022, Plaintiff filed replies to his cross-motion.[6]  (Dkt. 29; Dkt. 30; Dkt. 31).

---

[5]     Although styled as a cross-motion and seeking affirmative relief, Plaintiff did not electronically file his opposition as a separate motion.

[6]     Local Rule 7 provides that a "moving party who intends to file and serve reply papers must so state in the notice of motion," and that "[r]eply papers filed without prior notice or authorization may be stricken."  L.R. Civ. P. 7(a)(1).  Here, Plaintiff did not

# DISCUSSION

## I.    Legal Standards

### A.    Rule 12(b)(6)

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation

---

indicate an intention to file reply papers when filing his motion to amend.  Although on February 1, 2022, he did later request by letter to file a reply (Dkt. 28), he proceeded to file further submissions without leave of Court on March 1, 2022 (Dkt. 29), March 4, 2022 (Dkt. 30) and March 22, 2022 (Dkt. 31).  While the Court has considered the submissions, counsel is cautioned that future filings without permission from the Court may be stricken.

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the [pleading]'s '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

**B.     Rule 12(b)(1)**

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quotation and alteration omitted). "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l,* 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."). *Cf. Carter v. HealthPort Techs., LLC*, 822 F.3d

47, 57 (2d Cir. 2016) (when a Rule 12(b)(1) motion is fact-based, evidence beyond the pleadings may be considered).

### C.    Motion to Amend

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013).  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "One appropriate basis for denying leave to amend is that the proposed amendment is futile," and a proposed amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

In the instance where a plaintiff amends his complaint while a motion to dismiss is pending, "the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols.*, *LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020); *Leo v. New York St. Dep't of Envir. Conserv.*, No. 20-CV-7039-FPG, 2022 WL 138538, at *4 (W.D.N.Y. Jan. 14, 2022) ("Here, the Court elects to consider the merits of the motion to dismiss in light of the proposed amended complaint.  Because it concludes that neither the original complaint nor the [First Amended Complaint] could withstand a motion to dismiss, the Court grants the motions to dismiss and denies leave to file the [First Amended Complaint].");  *Willis v.*

*Rochester Police Dep't*, No. 15-CV-6284-FPG, 2018 WL 4637378, at *2 (W.D.N.Y. Sept. 27, 2018) ("When—as in this case—a motion to amend is filed in response to a pending motion to dismiss, 'a court has a variety of ways in which' to proceed, 'from denying the motion [to dismiss] as moot to considering the merits of the motion [to dismiss] in light of the [proposed] amended complaint.'" (quoting *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).

## II.   Defendants' Motions to Dismiss

The Federal Defendants move to dismiss Plaintiff's complaint, arguing that: he fails to state a claim upon which relief may be granted; the claims are barred by the doctrine of qualified immunity; any claims asserted against the Federal Defendants in their official capacity must be dismissed for lack of subject matter jurisdiction; any tort claims against the Federal Defendants must be dismissed because Plaintiff's exclusive remedy for such claims is under the Federal Tort Claims Act; and that the Court lacks subject matter jurisdiction over Plaintiff's common law claims against the United States.  In response to Plaintiff's request to amend, they urge the Court to deny his request as futile, arguing that the proposed amended complaint does not remedy the identified deficiencies.

The City Defendants and County Defendants join in and adopt the Federal Defendants' arguments.  In addition, the City Defendants and the County Defendants argue that Plaintiff's failure to file state law administrative notices of claim against employees of the City of Rochester or Monroe County Defendants is fatal to his state law claims against them.  (Dkt. 17-2; Dkt. 20-2.)  The Court will address each argument below.

### A.     Plaintiff's First Claim Alleging Constitutional Violations

#### 1.     Failure to State a Claim

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).  "*Bivens* created a corresponding implied private right of action for plaintiffs to sue federal officials in their individual capacity to redress constitutional violations." *Leo*, 2022 WL 138538, at *3; *Swinton v. Serdula*, No. 15-CV-47, 2022 WL 3701196, at *3 (W.D.N.Y. Aug. 26, 2022) ("In 1971, the Supreme Court created a limited federal analogue to 42 U.S.C. § 1983 insofar as it found that a plaintiff was entitled to money damages for the constitutional violations he suffered at the hands of federal officials. (citing *Bivens,* 403 U.S. 388 (1971)); *Mighty v. Siguenza*, No. 21-CV-6487-FPG, 2021 WL 4085442, at *3 (W.D.N.Y. Sept. 8, 2021) ("In order to state a valid claim under *Bivens*, a plaintiff must allege 'that he has been deprived of a constitutional right by a federal agent acting under color of federal authority.'" (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006)).  Here, because Defendants

are employed by both federal and state governmental entities, the Court will address the constitutional claim with respect to both § 1983 and *Bivens*.[7]

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Similarly, a defendant is only liable under *Bivens* when he or she is "personally involved in the claimed constitutional violation." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Andrews v. City of Rochester*, No. 21-CV-6764-FPG, 2022 WL 2356630, at *3 (W.D.N.Y. June 30, 2022). "Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

"Because the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations." *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), *vacated in part on other*

---

[7]     While *Bivens* provides a limited remedy in only certain narrowly prescribed situations, the Federal Defendants do not argue for purposes of the instant motion that the allegations in Plaintiff's amended complaint could not support a cognizable *Bivens* claim. Because the matter is not before the Court, nothing in this Decision and Order should be construed to resolve the question as to whether a *Bivens* claim lies as to all of Plaintiff's asserted constitutional claims. *See generally Egbert v. Boule*, __ U.S. __, 142 S. Ct. 1793, 1800 (2022).

*grounds*, 655 Fed. App'x 25 (2d Cir. 2016); *Cruz v. Hastings,* No. 20CV4392(VEC)(BCM), 2022 WL 1050795, at *4 (S.D.N.Y. Jan. 31, 2022) ("Under *Bivens*, as under § 1983, a defendant's 'personal involvement' in an alleged deprivation of constitutional rights is a prerequisite to an award of damages." (quoting *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 835 (S.D.N.Y. 1994)), *report and recommendation adopted*, No. 20-CV-4392 (VEC), 2022 WL 873197 (S.D.N.Y. Mar. 24, 2022); *Canon U.S.A., Inc. v. F&E Trading LLC*, No. 2:15-CV-6015 DRH AYS, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) ("It is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes." (internal quotation marks omitted)). Such "group pleading" violates Fed. R. Civ. P. 8(a)'s requirement that a pleading "give each defendant fair notice of the claims against it." *Holmes v. Allstate Corp.*, 2012 WL 627238, at * 22 (S.D.N.Y. Jan. 27, 2012); *Canon,* 2017 WL 4357339, at *7 ("[Federal Rule of Civil Procedure] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." (quoting *Holmes*, 2012 WL 627238, at *22). Nevertheless, "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Ausco Products, Inc. v. Axle, Inc.*, 6:19-CV-06798 EAW, 2020 WL 7028521, at * 2 (W.D.N.Y. Nov. 30, 2020) (internal quotation marks and citation omitted).

All Defendants aptly note that Plaintiff's complaint fails to specifically identify conduct by any particular defendant and instead, groups Defendants together collectively in all of Plaintiff's allegations. Indeed, the caption of the complaint is the only place that

each of the Defendants' names are even mentioned at all in Plaintiff's initial pleading. Acknowledging this deficiency, Plaintiff's proposed amended complaint amplifies some of the factual underpinnings of his claims and now alleges specific conduct by some Defendants but as to others, continues to only generally identify the nature of their conduct at the scene of the incident.  (Dkt. 23-1 at ¶ 3).  In light of the "the usual practice . . . to grant leave to amend the complaint" when a complaint is subject to dismissal under Rule 12(b)(6), *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), the Court opts to consider the allegations in Plaintiff's amended complaint in connection with the instant motion and its assessment of the adequacy of the allegations contained therein.

In terms of a claim for an unreasonable search, the Fourth Amendment of the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.[8] Therefore, warrantless searches are permissible only in certain circumstances and "[i]n the usual case, a warrantless search—especially of a home—is 'presumptively unreasonable.'" *Alexander v. City of Syracuse*, 573 F. Supp. 3d 711, 730 (N.D.N.Y. 2021) (citing *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014)).  "However, police officers with probable cause can, in exigent circumstances, nevertheless lawfully enter a home and/or search property." *Id.*

---

[8]    Although Plaintiff's complaint references a claim arising under the Fourteenth Amendment, he has not explained the basis for his assertion of such claim or addressed it in any of his submissions.  The Court presumes he has abandoned the pursuit of this relief.

"In analyzing § 1983 claims for unconstitutional arrest, [courts] generally look[] to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). In New York, a plaintiff alleging false arrest must demonstrate that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks, alterations, and citation omitted), *cert. denied*, 517 U.S. 1189 (1996). "The general rule is that 'Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Snyder v. Fish*, No. 1:19-CV-1085 (CFH), 2022 WL 1719058, at *8 (N.D.N.Y. May 27, 2022) (quoting *Mayes v. Village of Hoosick Falls*, 162 F. Supp. 3d 67, 86 (N.D.N.Y. 2016)).

In addition, the Fourth Amendment protects individuals from the use of excessive force in effecting an arrest. An objective reasonableness test for excessive force claims is applied in which courts must consider "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect pose[d] an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM)(ST), 2022 WL 2967810, at *20 (E.D.N.Y. July 27, 2022) (quotation and citation omitted)). Simply put, "'[n]ot every push or shove' amounts to a Fourth Amendment violation. Indeed, a 'de minimis use of force will rarely suffice to state a Constitutional claim.'" *Acosta v. City of New York*, No. 11 Civ. 856(KBF), 2012 WL 1506954, at *10 (S.D.N.Y. Apr. 26, 2012) (citing *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 2005)). However, a plaintiff must

allege that he sustained some type of injury. *Wims v. N.Y.C. Police Dep't*, No. 10 Civ. 6128, 2011 WL 2946369, at *4 (S.D.N.Y. July 20, 2011).

As to any alleged claim for a failure to intervene, "[i]t is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). Therefore, "liability attaches where (1) the officer had a realistic opportunity to intervene to prevent the harm; (2) a reasonable person in the officer's position would have known that the victim's constitutional rights were being violated; and (3) the officer did not take reasonable steps to intervene." *Gochnour v. Burri*, No. 6:15-CV-06174, 2018 WL 10944594, at *3 (W.D.N.Y. July 9, 2018); *Mejia v. City of New York*, 119 F. Supp. 2d 232, 280 (E.D.N.Y. 2000) ("Failure to intercede to prevent an unlawful arrest can be grounds for § 1983 liability.").

Here, while not exceedingly detailed or a model of clarity, the proposed amended complaint does sufficiently plausibly allege constitutional claims and provide certain Defendants with notice of the basis upon which Plaintiff brings suit against them. Specifically, Plaintiff's proposed amended complaint alleges that Defendant Arrowood and Defendant Carroll forced themselves into Plaintiff's residence and engaged in a warrantless search of his home without his consent or the presence of any exigent circumstances that would justify the search. He contends that once inside, Defendant Arrowood restrained Plaintiff without probable cause and used excessive force when he shot and seriously wounded Plaintiff. He further alleges that Defendant Carroll and Defendant Arrowood then dragged Plaintiff out of his home where he was arrested. Plaintiff alleges that

Defendant DeVinney attempted to breach the front door with Defendant Arrowood and Defendant Carroll and had the opportunity to intervene and failed to do so to protect Plaintiff's constitutional rights.  As to these three Defendants, the Court finds that the claims based on alleged Fourth Amendment violations in the proposed amended complaint are sufficient to withstand a motion to dismiss.

But as to the remaining Defendants, Plaintiff has failed to sufficiently plead personal involvement in a manner than can serve to sustain a viable claim.  Aside from the allegations relating to Defendant Arrowood, Defendant Carroll, and Defendant DeVinney, the amended pleading is absent of any particularized basis to assess the conduct of the remaining Defendants, whose conduct is largely only alleged in a group pleading fashion. *See Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 235 (S.D.N.Y. 2014) ("[W]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish between the conduct of each of the defendants." (internal quotation marks omitted)).  Nor can Plaintiff allege a claim against Defendant Salina based solely on his status as a supervisor or his direction to law enforcement officers to simply surround a house—which is the extent of any allegations against Defendant Salina individually.  *See Rodriguez v. Easter*, No. 3:20-CV-1872 (SVN), 2022 WL 1205279, at *2 (D. Conn. Apr. 22, 2022) ("[I]n *Tangreti*, the Second Circuit held that, 'after *Iqbal*, there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 677)); *Olivio v. United States*, No. 20CV231(RPK)(MMH), 2022 WL

409720, at *5 (E.D.N.Y. Feb. 10, 2022) ("But there is no special rule for supervisory liability under *Bivens*; a plaintiff seeking to hold a supervisor liable must demonstrate that the supervisor directly violated his constitutional rights." (citation and quotation omitted)).

Accordingly, the Court will grant Plaintiff leave to file the proposed amended complaint to the extent it asserts claims of Fourth Amendment violations against Defendants Arrowood, Carroll, and DeVinney and Defendants' motion to dismiss Plaintiff's first cause of action against those Defendants for failure to state a claim upon which relief may be granted is denied. However, Plaintiff's motion for leave to amend is otherwise denied and the remaining Defendants' motions to dismiss are granted and the first cause of action as to remaining Defendants is dismissed without prejudice for failure to plausibly allege their personal involvement in any constitutional violations or otherwise articulate a viable claim. Plaintiff must file the amended complaint consistent with this Decision and Order within 20 days of the date hereof. *D.S. by & through C.S. v. Rochester City Sch. Dist.*, No. 6:19-CV-6528 EAW, 2020 WL 7028523, at *1 (W.D.N.Y. Nov. 30, 2020).

### 2.     Qualified Immunity

Defendants argue that even if not dismissed for failure to state a claim, Plaintiff's claims are barred by the doctrine of qualified immunity. Defendants' argument rests on similar grounds as their argument concerning a failure to state a claim—that Plaintiff has not alleged facts to show that any Defendant violated a constitutional right.

"A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to

believe that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (citation omitted).  Although claims of qualified immunity "should be decided as early as possible in a case," it "is often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed." *Walker v. Schult*, 717 F.3d 119, 130 (2d Cir. 2013); *see also McKenna v. Wright*, 386 F.3d 432, 435-36 (2d Cir. 2004) ("*[U]sually,* the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted.") (alteration in original) (quoting *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983)); *Jackson v. Cnty. of Ulster*, No. 122CV148 (TJM/ATB), 2022 WL 2954370, at *7 (N.D.N.Y. July 26, 2022) ("The Supreme Court has repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation, . . . but when the qualified immunity defense is raised on a motion to dismiss the defendant must face the more stringent standard applicable to this procedural route." (quotation and citations omitted)).  Therefore, "a defendant asserting a qualified immunity defense on a motion to dismiss 'faces a formidable hurdle . . . and is usually not successful.'" *Barnett v. Mt. Vernon Police Dep't*, 523 F. App'x 811, 813 (2d Cir. 2013) (quoting *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191-92 (2d Cir. 2006)); *Roman v. City of Mount Vernon*, No. 21-CV-2214 (KMK), 2022 WL 2819459, at *14 (S.D.N.Y. July 19, 2022) ("[A] defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] . . . the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.").  "The defense will succeed only where entitlement to

qualified immunity can be established 'based [solely] on facts appearing on the face of the complaint.'" *Barnett*, 523 F. App'x at 813 (quoting *McKenna*, 386 F.3d at 436).

The Court concludes that the remaining defendants—Defendant Arrowood, Defendant Carroll, and Defendant DeVinney—are not entitled to qualified immunity as a matter of law on the instant motion. As noted, qualified immunity "shields officers from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *City of Tahlequah v. Bond*, __ U.S. __, 142 S. Ct. 9, 11 (2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). To constitute a clearly established right, courts look at prior precedent to determine whether is "it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, __ U.S. __, 142 S. Ct. 4, 7 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

There is "no question" the rights to be free from arrest without probable cause and excessive force during an arrest are "clearly established." *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("Without a doubt, the right not to be arrested without probable cause is clearly established."). Because Plaintiff is entitled to all reasonable inferences from the facts alleged in the proposed amended complaint, namely, that Defendant Arrowood and Defendant Carroll conducted a warrantless entry into Plaintiff's home without any exception permitting such entry and used excessive force in the course of his arrest, and that Defendant DeVinney failed to intervene in the unconstitutional violations of Plaintiff's rights, the Court cannot conclude as a matter of law that Defendants' actions did not violate clearly established law, or that

it was objectively reasonable for them to believe their actions did not violate clearly established law.  *See Jackson v. New York State*, 381 F. Supp. 2d 80, 91 (N.D.N.Y. 2005) ("Plaintiff alleges violations of her constitutional rights and, based on the complaint alone, it does not appear that defendants' actions were objectively reasonable.  Further factual information is necessary, therefore, to determine whether defendants are entitled to qualified immunity.").  Accordingly, the motion to dismiss based on qualified immunity is denied.

> ### 3.   Lack of Subject Matter Jurisdiction For *Bivens* Official Capacity Claims

The Federal Defendants argue that to the extent that Plaintiff seeks to assert any constitutional tort claims against them in their official capacities in his first cause of action, such claims must be dismissed for a lack of subject matter jurisdiction.  The Court agrees.

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "The purpose of the *Bivens* remedy is to deter individual federal officers from committing constitutional violations." *Arar v. Ashcroft*, 585 F.3d at 571 (quotation omitted).

The Second Circuit has explained:

[A *Bivens* action] must be brought against the federal officers involved in their individual capacities.  Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent. Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Muzumala v. Mayorkas*, No. 22-CV-3789 (JGK), 2022 WL 2916610, at *4 (S.D.N.Y. July 22, 2022) ("*Bivens* relief is available only against individual federal officials who are personally liable for the alleged constitutional violations, not against the United States."). Although Plaintiff indicates in the caption of his proposed amended complaint that he is suing Defendants "[i]ndividually and [i]n their capacity as federal law enforcement officers," he does not argue the existence of any basis to sue the Federal Defendants in their official capacities in response to the Federal Defendants' motion to dismiss, nor could he. Accordingly, to the extent Plaintiff is seeking to assert a *Bivens* claim against any Federal Defendant in his official capacity, that claim is not viable and must be dismissed.

**B.     State Law Tort Claims**

**1.     Federal Defendants**

The Federal Defendants argue that Plaintiff's state law tort claims for assault, battery, false arrest, and negligence asserted against them must be dismissed because Plaintiff's exclusive remedy for such claims is a suit against the United States pursuant to the Federal Tort Claims Act. They further contend that Plaintiff's failure to file an administrative claim prior to filing suit is fatal to such claims.

As the Federal Defendants correctly point out in their motion to dismiss, state common-law claims cannot be brought against a federal employee acting within the scope of his employment. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment[.]").

The "United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted). The FTCA provides a limited waiver of sovereign immunity for claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b).  Under the FTCA, when a federal employee is sued in tort, a United States Attorney determines whether the employee was acting within the scope of his or her employment, and if so, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)-(2); *see* 28 C.F.R. § 15.4 ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.").

In this case, the United States Attorney for the Western District of New York has certified that each of the Federal Defendants was acting within the scope of his employment with respect to Plaintiff's claims.  (Dkt. 15-1 at 11).  Accordingly, the Federal Defendants' motion to have the United States substituted in for the Federal Defendants with respect to

these claims, which is not contested by Plaintiff, is granted and the claims must be construed pursuant to the FTCA.[9]  (Dkt. 23-1 at ¶ 2).

"The FTCA applies to false arrest, false imprisonment, and malicious prosecution claims when they are asserted against 'law enforcement officers of the United States Government,' where 'law enforcement officer' is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  *Parker v. Blackerby*, 368 F. Supp. 3d 611, 618 (W.D.N.Y. 2019).

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived."  *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see* 28 U.S.C. § 2675(a) (a claimant cannot commence an action under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing").  In this case, Jennifer Bryan, Associate General Counsel for the United States Marshals Service has submitted a sworn declaration stating that no such administrative tort claim with the United States has been filed and Plaintiff concedes that to be accurate.  (*See* Dkt. 15-1 at 11 ¶ 6; Dkt. 23-1 at ¶2).  Plaintiff also does not contest that this subjects his tort claims to dismissal. (Dkt. 23-1 at ¶ 2).

---

[9]     While Plaintiff urges the Court to make a finding that all Defendants should be deemed as federal employees as set forth in more detail below, the Court declines Plaintiff's request at this time on the instant record.

As a result, because Plaintiff's state common-law claims against the Federal Defendants must be construed as claims against the United States under the FTCA, the Court lacks subject matter jurisdiction over such claims because Plaintiff has failed to comply with the FTCA's administrative requirements.

Plaintiff requests that he be given 60 days from the filing of his amended complaint to file a proper FTCA claim, but Plaintiff was required to obtain complete exhaustion of administrative remedies before commencing this lawsuit.   Therefore, dismissal is warranted and the Court declines Plaintiff's request for additional time to submit an untimely claim.  *See Saleh v. Holder*, 470 F. App'x 43, 44 (2d Cir. 2012) ("The district court correctly determined that it lacked subject matter jurisdiction over Saleh's FTCA claims because he had not exhausted his administrative remedies prior to filing his initial district court complaint. . . .   However, as the Government acknowledges, in such a situation the proper course of action is for the district court to dismiss the claims without prejudice to allow the litigant to institute a separate new action once exhaustion has been completed." (citations omitted)); *White-Manning v. Brewer*, No. 1:21-CV-01170-JLS-JJM, 2022 WL 1813594, at *2 (W.D.N.Y. May 3, 2022) ("Although the preconditions to suit under the FTCA have now been exhausted, 'Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process'. . . .   Therefore, [d]ismissal is required even if administrative remedies are exhausted shortly after filing of the civil suit." (quotation and citation omitted)), *report and recommendation adopted*, No. 1:21-CV-1170-JLS-JJM, 2022 WL 1810685 (W.D.N.Y. June 2, 2022); *Darwish v. Pompeo*, No. 18-CV-01370-LJV-MJR, 2022 WL 831332, at *4 (W.D.N.Y. Mar. 21, 2022)

("When a plaintiff brings a lawsuit before he has fully exhausted his administrative remedies, the lawsuit must be dismissed without prejudice.  And that is so even if the plaintiff's FTCA claims become administratively exhausted while the lawsuit is pending." (citation omitted)); *Obispo v. Bronx Lebanon Hosp.*, No. 19CIV2815LAKGWG, 2019 WL 6870996, at *6 n.6 (S.D.N.Y. Dec. 17, 2019) (holding that any issue regarding equitable tolling "is appropriately raised not in this lawsuit but rather in any new lawsuit that [Plaintiff] may file in the event she timely files an administrative claim, the claim is denied, and the Government raises the statute of limitations as a defense to the new lawsuit"); *Gevaert v. Cmty. Health Ctr., Inc.*, No. 3:14CV177 MPS, 2014 WL 2779284, at *1 (D. Conn. June 19, 2014) ("The proper course is to dismiss the case without prejudice, allowing Plaintiff to institute a separate action once all administrative remedies have been exhausted.").

The Court therefore finds that Plaintiff's state common-law claims against the United States must be dismissed without prejudice.

### 2.    City and County Defendants

"[S]tate notice-of-claim statutes apply to state-law claims asserted as pendant claims in a federal action."  *Singletary v. Allen*, 431 F. Supp. 3d 126, 129 (W.D.N.Y. 2019) (quotation omitted).  "Under New York law, a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its officers, agents or employees." *Grant v. City of Syracuse*, No. 5:15-cv-445, 2017 WL 5564605, at *10 (N.D.N.Y. Nov. 17, 2017) (internal quotation marks and citation omitted); *Washington v. City of New York*, 190 A.D.3d 1009, 1010 (2021) ("To enable authorities to investigate, collect evidence and

evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim." (citations omitted)).   In addition, "New York County Law § 52 requires a notice of claim to be filed for any action for damages brought against a county." *Ellis v. Washington*, 409 F. Supp. 3d 148, 158–59 (W.D.N.Y. 2019); *Chabot v. Cnty. of Rockland*, *New York*, No. 18-CV-4109 (KMK), 2019 WL 3338319, at *9 (S.D.N.Y. July 25, 2019) ("Section 52 incorporates the notice of claim requirements contained in New York General Municipal Law §§ 50-e and 50-i.   Section 50-e requires that a notice of claim be filed within ninety days of the incident giving rise to the claim.").   "Notice of claim requirements are construed strictly by New York state courts.   Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosp. Corp*., 164 F.3d 789, 793-94 (2d Cir. 1999) (citation omitted).

In order to survive a motion to dismiss for failure to exhaust administrative remedies, a plaintiff "must plead that: (1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected to or refused to adjust or satisfy the claim." *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 251 (E.D.N.Y. 2013); *see also Heim v. Dougherty*, No. 1:19-cv-01160, 2020 WL 5659440, at *7 (W.D.N.Y. Aug. 31, 2020) (identifying pleading requirements that "'(1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected or refused to satisfy the claim.'").   "The plaintiff bears

the burden of demonstrating compliance with the notice of claim requirement." *Chabot*,

2019 WL 3338319, at *9.

Plaintiff has failed to allege that he met the notice of claim requirements to pursue

his state law claims against the City or County Defendants for alleged acts committed

within the scope of their employment.  As an initial matter, Plaintiff argues that a notice of

claim was not required for the intentional torts he asserts.  While there is some authority in

the law for that position, *see Hardee v. City of New York*, No. 10-CV-7743, 2014 WL

4058065, at *8 (S.D.N.Y. Aug. 14, 2014) (holding that a notice of claim is not required

when the claim "alleges injuries resulting from intentional wrongdoing or recklessness"),

the greater weight of authority holds that a notice of claim is required for the tort claims at

issue here.  *See Comerford v. Vill. of N. Syracuse*, No. 518CV01143BKSTWD, 2021 WL

950974, at *37 (N.D.N.Y. Mar. 12, 2021) ("Plaintiff argues that she was not required to

serve a Notice of Claim because the Complaint alleges Chief Crowell committed

intentional torts outside the scope of his employment.  Plaintiff's argument is without

merit." (citation omitted)); *LaGrange v. Ryan*, 142 F. Supp. 2d 287, 295-96 (N.D.N.Y.

2001) ("[U]nder New York State law, no action involving 'any negligent act or tort'

committed by a police officer while acting within the scope of his employment may be

commenced against a municipality or said officer unless a notice of claim has been served

upon the municipality.  Thus, the statute does not limit the requirement of a notice of claim

to only negligent acts.  Accordingly, plaintiff's state law claims against [individual

defendants] and the City for assault, battery, false arrest, unlawful imprisonment, and

malicious prosecution must be dismissed for failure to serve a notice of claim."); *Peralta*

*v. City of New York*, 206 A.D.3d 415, 416 (1st Dep't 2022) ("Plaintiff's claims against the City and the individual officers for malicious prosecution and false arrest fail where a notice of claim was never filed and such claims were otherwise time-barred by the applicable one-year and 90–day limitations period."); *Orozco v. City of New York*, 200 A.D.3d 559, 563 (1st Dep't 2021) (allowing plaintiff leave to file a late notice of his claim against city for false arrest, false imprisonment, and malicious prosecution arising from his arrest and detention where court found the city had notice of plaintiff's claim and lack of evident prejudice); *Davis v. City of New York*, 153 A.D.3d 658, 661 (2d Dep't 2017) (dismissing claims for assault and battery and negligent hiring, retention, and supervision for failure to file notice of claim).

In apparent recognition of the implications of his failure to file a notice of claim, Plaintiff argues that the City and County Defendants should be deemed federal employees who are not subject to the New York state law administrative requirements.  Plaintiff provides no authority that would justify the Court making such a finding at this time. Moreover, as noted above, Plaintiff also failed to exhaust his administrative remedies under the FTCA and as such, this relief ultimately would not serve to save his claims from dismissal.

In the alternative, Plaintiff requests that the Court permit him to file a late notice of claim against these defendants.  Again, Plaintiff provides no authority that would support this Court granting him such relief from a state law requirement.  *Chabot*, 2019 WL 3338319, at *10 n.10 ("Plaintiff also does not seek leave to file a late notice of claim,

wisely, because 'this Court does not have jurisdiction to grant permission to serve a late notice of claim. . .' *In re Dayton*, 786 F. Supp. 2d 809, 827-28 (S.D.N.Y. 2011)").

For the foregoing reasons, Plaintiff's state law claims against the City and County Defendants must be dismissed.  *See Chabot*, 2019 WL 3338319, at *9 (state law claims dismissed where plaintiff did not allege he served a notice of claim upon defendants); *Lopez v. City of New York*, No. 15-CV-7292-ARR-SJB, 2018 WL 2744705, at *14 (E.D.N.Y. June 7, 2018) (plaintiffs' state claims fail because they "did not allege in their complaint that at least thirty days elapsed between when the notice of claim was served and when they filed suit. . . .  While dismissal might seem like a harsh sanction for such a pleading omission, the statutory text is clear"); *Parent v. New York*, 786 F. Supp. 2d 516, 529 (N.D.N.Y. 2011) (plaintiff's state law claim dismissed where plaintiff did "not allege in his complaint that he filed a notice of claim . . . and that more than thirty days passed without resolution of the claim prior to filing the [instant] case").

Accordingly, the Court grants the motions by the City Defendants and County Defendants to dismiss Plaintiff's state law claims against them for failure to exhaust New York State law administrative requirements.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to substitute is granted and motion to dismiss is granted in part and denied in part (Dkt. 15), the County Defendants' motion to dismiss is granted (Dkt. 17), the City Defendants' motion to dismiss is granted in part and denied in part (Dkt. 20), and Plaintiff is granted leave to file the proposed amended complaint as against Defendants Arrowood, Carroll, and DeVinney

only within 20 days of entry of this Order, but his request for leave to file late administrative

claims is denied.

   SO ORDERED.

          ELIZABETH A. WOLFORD
          Chief Judge
          United States District Court

Dated: August 31, 2022
   Rochester, New York